**Milton Datsopoulos, Esq.**
DATSOPOULOS, MACDONALD & LIND, P.C.
201 W. Main, Suite 201
Missoula, MT 59802
(406) 728-0810
(406) 543-0134 fax

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| BRANDY HAMILTON<br><br>Plaintiffs,<br><br>vs.<br>RYAN HUCKEBY, DMD, DDS, and<br>PARTNERSHIP HEALTH CENTER<br>DENTAL CLINIC<br><br>Defendants. | Case No: CV-06-141-M-DWM<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

COMES NOW, the Plaintiff, Brandy Hamilton, by and through her counsel of record, Milton Datsopoulos of the law firm Datsopoulos, MacDonald & Lind, P.C., and for her Complaint against the Defendants, hereby states and alleges as follows:

I.

Plaintiff Brandy Hamilton was at all times material hereto, a resident of Missoula County, Montana.

II.

That Defendant Ryan Huckeby, DMD, DDS ("Dr. Huckeby") was at all times material hereto, a resident of Missoula County, State of Montana.

III.

That Defendant Partnership Health Service, dba Partnership Dental Clinic, ("Defendant Clinic") is a federally qualified health center located in the City of Missoula, Missoula County, State of Montana, which contracted with Dr. Huckeby. As such, the Defendant Clinic is legally responsible for any negligent acts and omissions of any employees, agents, or representatives of those agencies, departments or governmental entities pursuant to 28 U.S.C. § 2671 et. seq.

IV.

That Defendant Clinic, its employees, agents or representatives, in diagnosing and treating it's patients, holds itself out to its patients as using that degree of care, skill, diligence and attention used by medical providers generally in the community in the care and treatment of its patients.

V.

On October 7, 2003, Plaintiff Brandy Hamilton, age 50, presented to her family dentist, Dr. Ryan Huckeby, employed with Defendant Clinic for a dental evaluation. On this date, while under local anesthesia, Dr. Huckeby performed extractions of teeth nos. 1, 4 and 32.

VI.

On October 8, 2003, the Plaintiff continued to experience numbness on the right side of her jaw, specifically in the location of the right mandible. By the next day, when the local anesthetic had worn off she was still numb in the region of the right mandible. She had pain in the right mandible and right lower lip.

VII.

On October 8, 2003, the Plaintiff contacted Dr. Huckeby's office to explain that she had persistent numbness of the right mandible. Dr. Huckeby explained that this was "most likely nerve compression during extraction". He reassured the patient that this would resolve and scheduled a follow up appointment for the following week.

VIII.

On October 15, 2003, the Plaintiff returned to Dr. Huckeby complaining of pain in the right mandible and persistent numbness. Dr. Huckeby noted a "lost clot #32 area" and irrigated the socket and placed some dry socket past.

IX.

The Plaintiff was next examined by Dr. Huckeby on October 23, 2003. Dr. Huckeby noted that the socket was healing well and that the nerve numbness is resolving. He again irrigated the socket and placed dry socket paste. The Plaintiff returned to Dr. Huckeby on November 6, 2003 at which time Dr. Huckeby noted that the numbness was improving but the extraction site was not completely healed. He then extracted the maxillary left second molar (#15) and was working up a restorative treatment. Ms. Hamilton lost confidence in Dr. Huckeby by this time and did not return for any further follow up.

X.

On November 22, 2004, approximately one (1) year from the date of her last appointment with Dr. Huckeby, the Plaintiff was examined by Dr. Michael S. Young, neurologist associated with Big Sky Neurology in Missoula, Montana, at which time she reported her ongoing right lower jaw numbness. On that date, Dr. Young diagnosed "right mental neuropathy following right wisdom tooth extraction". Although he discussed alternative treatment options with her, it

was the Plaintiff's understanding that there is no guarantee of improvement with any of the suggested treatment options.

## XI.

Currently, Ms. Hamilton has continued to suffer from persistent pain in the right lower jaw area, especially when she brushes her teeth and flowing. She has a sense of coldness in the region, has difficulty chewing her food. Further, the persistent, chronic numbness in her right lower lip has significantly impacted her ability to speak clearly.

## **JURISDICTION**

## XII.

Jurisdiction is conferred upon this Court under 28 U.S.C. §1346 in that this civil action is brought against a federally qualified health center for money damages arising from the negligent acts of employees, agents, representatives or independent contractors of said governmental agencies which directly and proximately resulted in severe and permanent injury to Plaintiff Brandy Hamilton.

## XIII.

The Plaintiff's damages exceed $75,000.00. This Court has jurisdiction over the parties pursuant to U.S.C.S. §1332 *et seq*. Venue is proper in the United States District Court for the District of Montana, Missoula Division.

## **COUNT ONE – NEGLIGENCE OF THE DEFENDANTS**

## IX.

Plaintiff hereby incorporates by reference Paragraphs I through XIII, inclusive as if fully set forth herein.

X.

All negligent acts and omissions of the Defendant Clinic were committed by its employees, agents, representatives, designees and independent contractors of Defendant Clinic while acting in the course and scope of their employment with Defendant Clinic.

XI.

This action is brought pursuant to the Federal Tort Claims Act 28 U.S.C. §2671, *et seq.*

XII.

A proper and timely claim within the required date of discovery limitations was sent to the Director of Health and Human Services located in Billings, Montana, via certified mail on the 24th day of October, 2005, in compliance with 28 U.S.C. §2675. Defendants, through the Office of General Counsel, sent their denial of the Plaintiff's claim, via certified mail, on July 13, 2006.

XIII.

Defendant Clinic was negligent in the treatment of Plaintiff Brandy Hamilton in that Dr. Huckeby, acting in the course and scope of his employment with Defendant Clinic, failed to exercise or possess that degree of skill, care and learning ordinarily exercised or possessed by the average qualified physician taking into account the existing state of knowledge and practice in such areas. Such negligent acts include, but are not limited to, the following:

    a.    Failing to properly care and treat Plaintiff Brandy Hamilton during her care and treatment on October 7, 2003 at Defendant Clinic;

    b.    Failing to provide reasonable dental care that Plaintiff Brandy Hamilton was entitled to receive, thereby deviating from the expected standard of care for a treating dentist in failing to exercise due and adequate care in the surgical removal of her wisdom teeth.

XIV.

That as a direct and proximate result of Defendants' negligence, Plaintiff has sustained physical and permanent injuries for which she has required treatment and will require future treatment accruing past, present and future medical expenses.

XV.

That as a direct and proximate cause of Defendants' negligence, Plaintiff has endured and will continue to endure great physical and mental pain and suffering.

XVI.

That as a direct and proximate cause of Defendants' negligence, Plaintiff has incurred out-of-pocket expenses and will continue to incur such expenses in the future.

XVII.

That as a direct and proximate case of Defendants' negligence, Plaintiff has incurred lost wages and will continue to incur such expenses in the future.

XVIII.

That as a direct and proximate cause of Defendants' negligence, the Plaintiff has suffered and will continue to suffer permanent physical impairments and other residual effects to her person.

XIX.

That as a direct and proximate cause of Defendants' negligence, the Plaintiff has been precluded from participating in her normal pattern of life activities and will continue to be precluded from doing so in the future.

XX.

That as a direct and proximate cause of Defendants' negligence, the Plaintiff has suffered and will continue to suffer great mental anguish and physical pain and suffering.

*WHEREFORE*, the Plaintiff seeks judgment of this Court and prays for relief as follows:

For damages in an amount to be determined at trial for:

1. Past and future medical expenses;

2. Past and future out-of-pocket expenses;

3. Past and future earnings;

4. Past and future pain and suffering;

5. Inability to participate in her normal pattern of life activities;

6. For mental anguish and emotional distress;

7. For such other and further relief as the Court deems just;

All in an amount not presently determinable but to be proven at the time of trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 12th day of September, 2006.

DATSOPOULOS, MacDONALD & LIND, P.C.

/s/

Milton Datsopoulos
Datsopoulos, MacDonald & Lind, P.C.
201 W. Main, Suite 201
Missoula, MT  59802