**Milton Datsopoulos, Esq.**
DATSOPOULOS, MACDONALD & LIND, P.C.
201 W. Main, Suite 201
Missoula, MT 59802
(406) 728-0810
(406) 543-0134 fax

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRANDY HAMILTON | ) | Case No: CV-06-141-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED COMPLAINT |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Plaintiff, Brandy Hamilton, by and through her counsel of record, Milton Datsopoulos of the law firm Datsopoulos, MacDonald & Lind, P.C., pursuant to the Preliminary Pretrial Scheduling Conference held on March 16, 2007, files her Amended Complaint against the Defendant, hereby states and alleges as follows:

I.

Plaintiff Brandy Hamilton was at all times material hereto, a resident of Missoula County, Montana.

Amended Complaint                                                                                     1

II.

That the Defendant, the United States of America (hereafter "Defendant USA") is a proper Defendant in this action pursuant to 28 U.S.C. §2671, et seq., commonly known as the Federal Tort Claims Act.

III.

All references to the Defendant USA refers to its agencies, departments, governmental agencies or Dr. Ryan Huckeby and Partnership Health Center Dental Clinic.

IV.

That Defendant USA operates healthcare facilities, including Partnership Health Center Dental Clinic, a federally qualified health center located in the City of Missoula, Missoula County, Montana.

V.

That at all times relevant hereto, Dr. Ryan Huckeby, DMD, DDS, was an employee of Partnership Health Center Dental Clinic. As such, Defendant USA is legally responsible for any negligent acts and omissions of any employees, agents, or representatives of those agencies, departments, or governmental entities pursuant to 28 U.S.C. §2671, et seq.

VI.

That Defendant USA, its employees, agents or representatives, in diagnosing and treating it's patients, holds itself out to its patients as using that degree of care, skill, diligence and attention used by medical and dental providers generally in the community in the care and treatment of its patients.

VII.

On October 7, 2003, Plaintiff Brandy Hamilton, age 50, presented to her family dentist, Dr. Ryan Huckeby, employed with Defendant Clinic for a dental evaluation. On this date, while under local anesthesia, Dr. Huckeby performed extractions of several wisdom teeth, nos. 1, 4 and 32.

VIII.

The following day, on October 8, 2003, the Plaintiff noted she had continued to experience numbness on the right side of her jaw, specifically in the location of the right mandible and right lower lip when the local anesthetic had otherwise worn off.

IX.

On October 8, 2003, the Plaintiff contacted Dr. Huckeby's office to explain that she had continued to experience numbness in the area of her right mandible or jaw. Dr. Huckeby explained that this was "most likely nerve compression during extraction". He reassured the patient that *this would resolve* and scheduled a follow up appointment for the following week.

X.

On October 15, 2003, the Plaintiff returned to Dr. Huckeby for followup complaining of pain in the right mandible and persistent numbness. Dr. Huckeby noted a "lost clot #32 area" and irrigated the socket and placed some dry socket past.

XI.

The Plaintiff was next examined by Dr. Huckeby on October 23, 2003. Dr. Huckeby noted that the socket was healing well and that the *nerve numbness is resolving*. He again irrigated the socket and placed dry socket paste. The Plaintiff returned to Dr. Huckeby on November 6, 2003 at which time Dr. Huckeby noted that the numbness was improving but the

Amended Complaint                                                                                                    3

extraction site was not completely healed. He then extracted the maxillary left second molar (#15) and was working up a restorative treatment. Ms. Hamilton lost confidence in Dr. Huckeby by this time and did not return for any further follow up.

XII.

On November 22, 2004, approximately one (1) year from the date of her last appointment with Dr. Huckeby, the Plaintiff was examined by Dr. Michael S. Young, neurologist associated with Big Sky Neurology in Missoula, Montana, at which time she reported her ongoing right lower jaw numbness. On that date, Dr. Young diagnosed "right mental neuropathy following right wisdom tooth extraction". Although he discussed alternative treatment options with her, it was the Plaintiff's understanding that there is no guarantee of improvement with any of the suggested treatment options.

XIII.

Currently, Ms. Hamilton has continued to suffer from persistent pain in the right lower jaw area, especially when she brushes her teeth and flowing. She has a sense of coldness in the region, has difficulty chewing her food. Further, the persistent, chronic numbness in her right lower lip has significantly impacted her ability to speak clearly.

**JURISDICTION**

XIV.

Jurisdiction is conferred upon this Court under 28 U.S.C. §1346 in that this civil action is brought against a federally qualified health center for money damages arising from the negligent acts of employees, agents, representatives or independent contractors of said governmental agencies which directly and proximately resulted in severe and permanent injury to Plaintiff Brandy Hamilton.

XV.

The Plaintiff's damages exceed $75,000.00. This Court has jurisdiction over the parties pursuant to U.S.C.S. §1332 *et seq*. Venue is proper in the United States District Court for the District of Montana, Missoula Division.

## COUNT ONE – NEGLIGENCE OF THE DEFENDANTS

IX.

Plaintiff hereby incorporates by reference Paragraphs I through XV. inclusive as if fully set forth herein.

XVI.

All negligent acts and omissions of the Defendant USA were committed by its employees, agents, representatives, designees and independent contractors of Defendant USA while acting in the course and scope of their employment with Defendant USA.

XVII.

This action is brought pursuant to the Federal Tort Claims Act 28 U.S.C. §2671, *et seq*.

XVIII.

From October 2003 through November 6, 2003, The Plaintiff was advised by Dr. Huckeby that her symptoms would resolve and were resolving. As of November 6, 2003, the Plaintiff was aware that she had sustained an injury that may be permanent and irreversible. A proper and timely claim within the required time limitations was sent to the Director of Health and Human Services located in Billings, Montana, via certified mail on the 24th day of October, 2005, in compliance with 28 U.S.C. §2675. Defendants, through the Office of General Counsel, sent their denial of the Plaintiff's claim, via certified mail, on July 13, 2006. The original Complaint was filed September 12, 2006.

XIX.

Defendant USA was negligent in the treatment of Plaintiff Brandy Hamilton in that Dr. Huckeby, acting in the course and scope of his employment with Defendant USA, failed to exercise or possess that degree of skill, care and learning ordinarily exercised or possessed by the average qualified physician taking into account the existing state of knowledge and practice in such areas. Such negligent acts include, but are not limited to, the following:

a.  Failing to properly care and treat Plaintiff Brandy Hamilton during her care and treatment on October 7, 2003 at Defendant Clinic;

b.  Failing to provide reasonable dental care that Plaintiff Brandy Hamilton was entitled to receive, thereby deviating from the expected standard of care for a treating dentist in failing to exercise due and adequate care in the surgical removal of her wisdom teeth.

XX.

That as a direct and proximate result of Defendant's negligence, Plaintiff has sustained physical and permanent injuries for which she has required treatment and will require future treatment accruing past, present and future medical expenses.

XXI.

That as a direct and proximate cause of Defendant's negligence, Plaintiff has endured and will continue to endure great physical and mental pain and suffering.

XXII.

That as a direct and proximate cause of Defendant's negligence, Plaintiff has incurred out-of-pocket expenses and will continue to incur such expenses in the future.

XXIII.

That as a direct and proximate cause of Defendant's negligence, the Plaintiff has suffered and will continue to suffer permanent physical impairments and other residual effects to her person.

XXIV.

That as a direct and proximate cause of Defendant's negligence, the Plaintiff has been precluded from participating in her normal pattern of life activities and will continue to be precluded from doing so in the future.

XXV.

That as a direct and proximate cause of Defendant's negligence, the Plaintiff has suffered and will continue to suffer great mental anguish and physical pain and suffering.

*WHEREFORE*, the Plaintiff seeks judgment of this Court and prays for relief as follows:

For damages in an amount to be determined at trial for:

1. Past and future medical expenses;

2. Past and future out-of-pocket expenses;

3. Past and future pain and suffering;

4. Inability to participate in her normal pattern of life activities;

5. For mental anguish and emotional distress;

6. For such other and further relief as the Court deems just;

All in an amount not presently determinable but to be proven at the time of trial.

Dated this 5th day of April, 2007.

DATSOPOULOS, MacDONALD & LIND, P.C.

/s/ Milton Datsopoulos
Milton Datsopoulos
Datsopoulos, MacDonald & Lind, P.C.
201 W. Main, Suite 201
Missoula, MT 59802
Attorneys for Plaintiff

Amended Complaint                                                                                          8